IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:13-CR-0251-TWT-JSA |
| RAUDEL MIRANDA-MARTINEZ | : | |
| | : | |

### ORDER AND REPORT AND RECOMMENDATION

Defendant has been charged in a one-count indictment with illegal re-entry into the United States as an alien in violation of 8 U.S.C. § 1326(a) and (b)(2) [1]. This matter is currently before the Court on the issue of whether the Defendant is competent to stand trial.

This issue began with the Defendant's Motion for Psychiatric and Competency Exam, filed on January 8, 2014 [31]. On January 13, 2014, the previously-assigned district judge referred the Motion to the undersigned [34].[1] The undersigned discussed the matter with the parties in a conference on January 22, 2014, and thereafter on January 23, 2014 issued an Order granting the Motion and ordering the U.S. Marshals to transport the Defendant to a facility suitable for a psychological evaluation [37]. The Court scheduled a comptency hearing for March 25, 2014. *Id.* After several extensions, the competency hearing finally

---

[1] The originally-assigned district judge was elevated to the Court of Appeals during the pendency of this case and has since been reassigned.

occurred on December 9, 2014 [68].  The transcript was filed on December 17, 2014 [70].[2]  At the conclusion of the December 9 hearing, defense counsel indicated that a decision had not been made as to whether to oppose the expert's conclusion that Defendant is competent.  Counsel requested the option of filing a brief if doing so was deemed warranted after review of the transcript.  Thus, the Court allowed Defendant's counsel to either file a brief on the issue of competency within seven days of receiving the transcript or request additional time to do so by that time [68].  No such brief was filed, and therefore the matter, which the Court treats as uncontested, has been fully submitted to the Court as of December 29, 2014.[3]

On the basis of all of the testimony and evidence in the record, including the unrebutted testimony of U.S. Bureau of Prisons ("BoP") Psychologist David M. Szyhowski, Pd.D, the undersigned concludes and **RECOMMENDS** that the district judge find that the weight of the evidence supports a finding that Defendant is **COMPETENT** to stand trial.

---

[2] The transcript, which is located on the docket at entry no. 70, will be referred to as "Tr. at ___."

[3] The U.S. Courthouse was closed on Friday, December 26, 2014, so Monday, December 29, 2014 was the first business day after the 7-day briefing deadline expired.

## FACTS

Dr. Szyhowski, a psychologist employed by BoP, examined Defendant in March 2014 at the Metropolitan Correctional Center in Chicago, Illinois ("MCC"). (Tr. at 6; Def. Ex. 1). Based on his own evaluation and a review of Defendant's psychiatric history, Dr. Szyhowski noted that Defendant has been diagnosed with Tourette's Syndrome, and has been prescribed medication for depression. (Tr. at 11-12, 16). Tourette's Syndrome is associated with uncontrollable motor and/or vocal "tics," and thereby impacts social behavior. (Tr. at 11-13). Tourette's Syndrome may affect an individual's ability to sit still for long stretches of time. (*Id.*) The condition, however, is not associated with cognitive deficiencies. (*Id.*)

Dr. Szyhowski noted that the Defendant also displayed some behaviors consistent with anti-social personality disorder, but not to the extent associated with a formal diagnosis. (Tr. at 21). Dr. Syzhowski also noted a past history of suicide attempts, apparently relating at least in one case with a prior deportation. (Tr. at 19). Dr. Syzhowski did not find any current indications of suicidal ideation but noted that the Defendant has a current prozac prescription to treat depression. (*Id.*)

During the examination and his stay at the MCC, the Defendant interacted with others appropriately, communicated rationally, displayed no problems with hygiene, and was cooperative. (Tr. at 9-10, 24).

Dr. Syzhowski administered various tests, including the Minnesota Multiphasic Personality Inventory 2d Edition, which is designed to test personality functioning, sense of history, presence of various symptoms and overall functioning. (Tr. at 13-14). The scores were "elevated on the inconsistency," but did not reach any clinical level. (*Id.*) The elevation of the scores could be explained by lack of effort. (*Id.*) Dr. Syzhowski also administered a test known as the "VIP" indicator, which is designed to test effort. (Tr. at 14-15). The results showed low effort but not any intentional subversion of the test. (Tr. at 16).

Dr. Syzhowski also administered the Evaluation of Competency to Stand Trial Test, Revised, which includes questions designed to explore a defendant's factual and rational understanding of the proceedings, ability to participate and cooperate with counsel, and other issues relating to trial. (Tr. at 16-17). Defendant gave appropriate and reasonable responses, suggesting a proper understanding of the proceedings and the charges and an ability to work with his attorney. (*Id.*) Dr. Syzhowski indicated that Defendant's medications do not impact cognition, and that his conditions are considered chronic and stable. (Tr. at 19, 22).

Overall, Dr. Syzhowski opined that Defendant can assist his counsel at a trial, guilty plea, or other proceeding. (Tr. at 19). Dr. Syzhowski believes that Defendant adequately understands the charges and the general sentencing

landscape he faces and, overall, is competent to stand trial.  (Tr. at 19-20; Def. Ex. 1 at 9-10).[4]

## ANALYSIS

Title 18, U.S.C. § 4241, *et seq.*, guides the assessment of a defendant's competency in federal criminal proceedings.  Section 4241(d) provides that the Court shall find the Defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ."  18 U.S.C. § 4241(d).  The test is "whether [the defendant] has sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam) (construing § 4241's predecessor, 18 U.S.C. § 4244 (1958)).

"[T]he relevant competency statute arguably contemplates that the burden will lie with the party making a motion to determine competency," which, here, is the Defendant.  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).

---

[4] The Court permitted funds for the Defendant to be examined by independent forensic psychologist but no other testimony from any other provider was offered.

*See also United States v. Johns*, 390 Fed.Appx. 963, 970 (11th Cir. 2010) (unpublished) ("Where the defendant files a motion to determine his mental competency, as Johns did in this case, the burden of proof is on the defendant.").[5]

As explained above, the Defendant has Tourette's Syndrome, a history of depression, and some symptoms associated with (but not sufficient for a diagnosis of) anti-social personality disorder. Nevertheless, the unrebutted expert testimony, from Dr. Szyhowksi, establishes that the Defendant is competent to stand trial, as he has a rational and factual understanding of the proceedings against him, and is able to assist and consult with his counsel with a reasonable degree of rational understanding.  Dr. Syzhowski has noted that Defendant's symptoms are chronic and stable, that his depression is being treated, that no current suicide ideations are apparent, that Defendant communicates and acts rationally and cooperatively, that Defendant's Tourette's Syndrome does not impact cognition or understanding.  Dr. Syzhowski recommended that frequent breaks be allowed in the trial to accomodate the Defendant's reduced ability to sit still for long stretches of time. This is an accommodation easily provided, especially in the context of a simple trial on a single illegal re-entry count.

Defendant has not introduced any contrary evidence nor supplied any

---

[5] The undersigned would reach the same result stated herein even if the burden were to lie with the prosecution.

argument as to why Dr. Syzhowski's testimony and opinions should not be accepted.  Thus, the Court finds, and recommends that the district judge find, that the Defendant is competent to stand trial.

## CONCLUSION

The Court **RECOMMENDS** that the Defendant be found **COMPETENT TO STAND TRIAL**, subject to the minor accomodations recommended during trial by Dr. Syzhowski, as explained above.

This matter is **READY FOR TRIAL**.

**IT IS SO ORDERED AND RECOMMENDED** this 5th day of January, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE